F. WILSON, *Appellant*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF CLOUD et al., *Appellees.*

No. 18,509.

OPINION DENYING A REHEARING.

HEADNOTE BY THE REPORTER.

HIGHWAYS — *Damages — Injunction — Inconsistent Actions.* A landowner can not in the same court at the same time in one action maintain a claim that a portion of his land has been appropriated for a public highway and demand damages therefor and in another action claim that this land has never been so appropriated and seek to enjoin the board of county commissioners from opening such public road thereon.

Appeal from Cloud district court. Opinion denying a rehearing filed July 5, 1913. Reaffirmed. (For original opinion, see ante, p. 97, 132 Pac. 1176.)

*Pierce E. Butler*, of Glasco, *Theo. Laing, Charles L. Hunt,* and *Park B. Pulsifer,* all of Concordia, for the appellant.

*M. V. B. Van De Mark*, of Concordia, *C. L. Kagey,* and *R. M. Anderson,* both of Beloit, for the appellees.

*Per Curiam:* The petition for rehearing in this case asserts that the case was decided upon a misstatement of facts established by the evidence. We have examined the opinion and the abstracts and find that two recitals of fact in the opinion are inaccurate, but that the decision of the case in no way depended upon either of them. On the other hand, the petition for rehearing is inaccurate as to some very material facts as shown by the abstracts.

The report of the viewers on the laying out of the road omitted any reference to damages. In a subsequent report they assessed the damage to appellant's land at $250, which was allowed by the board of county commissioners. From this allowance Wilson appealed. He could have as well appealed from the refusal to allow any damages. The amount of damages is immaterial. The decision is plainly based upon the point that the appellant can not in the same court at the same time claim in one action that his land has been appropriated for a public highway and demand damages therefor, and in another action claim that the land has not been appropriated and seek to enjoin the board of county commissioners from opening a public road thereon.

Whether the hearing of the application for a temporary injunction was submitted on evidence taken on a motion to stay proceedings or on a motion for a temporary restraining order is also immaterial and in no way affected the decision.

The petition for rehearing is denied.